May it please the Court, Jonathan Rotter, Pro Bono Amicus Council in support of petitioners. I'm going to be using all of petitioners' argument time this morning. I do hope to reserve two minutes for rebuttal, so I'll keep my eye on the clock. Before I read the merits of this case, I think that I should say something about the government's motion to withdraw an argument that was filed this immediately preceding Friday. First, which is that it's a little late. We obviously would have no problem with it were it in fact a mere withdrawal of the argument as to prejudice and a concession that prejudice was established. But I think that the motion was actually an argumentative motion seeking to establish a new theory of the case. What are we supposed to do with this problem? I see the government's withdrawal. I see that they used the wrong standard. On the other hand, although I see a lot of structural issues and failure to explain things and so on, I don't see how your client, if we send it back, it's almost like it's a vain act. I don't see how your client can possibly meet the standard to get a reversal here because there's no showing. I mean, we get thousands of these cases, as you know. This doesn't even come close to what you have to show, at least as the case law bears out, to show extreme hardship. It's not even close. So what do we do with this? If it appears that this is a quixotic quest on your client's part, do we just send it back and just say, okay, well, this is what's likely to happen, or do we just recognize the inevitable? Well, first I would say that I would disagree with your assessment of what might happen at the end of the day here. But to answer your direct question, because this court is not one that makes that hardship determination, you would not do so. You would not jump to the end of the line and say our ultimate assessment of the hardship is that you don't meet the standard. And you feel that because the government has withdrawn its argument about prejudice and under the IAC claim that basically we have to treat that as a conceded point, even though under the right standard it may not be prejudicial. Well, certainly the government doesn't want you to consider that anymore. I think it's still within this court's power to do so. So what are we supposed to make? I don't understand what the government did on Friday. I'll ask the government counsel, but I have no clue. I don't understand a thing that happened on Friday. And here's what I don't understand. The BIA addressed the motion to reopen on the merits. It addressed specifically the additional information that your client provided as evidence of hardship, said it didn't change its mind, didn't change anything that the IJ did, and believed that it did not satisfy the standard for hardship. Now, the government urges that we cannot review that discretionary decision. But if we were to look at it, if we were to peek at it, surely that goes to the question of prejudice. Your client has not been prejudiced if they can't win anyway, even with the new evidence. If they can't win, then the government's withdrawal of the motion suggests one of two things, that either the prejudice point is still very much alive or that the government is conceding that the BIA was dead wrong when it denied the motion to reopen, even though we can't review it. I don't understand that. I doubt that that is what they're intending. I didn't think so either, but it certainly appeared that way. And there were a few separate issues there that I'm going to try to address. With respect to what the BIA decided, it is true that they made reference to new evidence. But from my reading of that opinion, what they're doing is they evaluated two separate claims, a motion to reopen based on new evidence and a motion to reopen based on ineffective assistance of counsel. And those are two different motions that have two very different standards that apply to them. And I'll get to the difference in a moment. But the other thing to note about that new evidence is it's not at all clear what new evidence the government was referring to. It could have been referring to the new evidence that arose after the hearing, as opposed to the evidence that was available at the time of the hearing and was not presented. And the BIA opinion is not clear on that at all. Further, it's very important to note that while the BIA is presumed to have reviewed all of the evidence that was presented to it in this motion, we know that the BIA did not do so in this case. We know that because the BIA in its decision faulted the petitioners for not raising their ineffective assistance argument on direct appeal and said that they offered no explanation as to why they did not do so. However, Petitioner Galeano submitted a declaration under penalty of perjury that's found at page 109 of the record that explains why that argument wasn't made on direct appeal, which is that their ineffective counsel prepared that brief, submitted it in pro per without their knowledge. They only realized that they did so when they obtained new counsel to review the brief and tell them. So we know that the Board didn't do its job here and didn't review the evidence that it was supposed to review. Also, on that point, the Board required that they raise this issue on direct appeal where this Court's precedents expressly say that ineffective assistance of counsel does not need to be raised on a direct appeal in order to be considered on a motion to reopen. And this Court has noted on multiple occasions that we would rarely even know about ineffective assistance of counsel at the time of the direct appeal. Going back to the issue of the two separate standards for approving a motion to reopen based on new evidence versus based on ineffective assistance of counsel, the proper standard for a motion to reopen based on ineffective assistance of counsel is whether the counsel's performance was so deficient that it may have affected the result. Here we have counsel who met his clients for the first time on the day of the argument. Let's assume we agree with you that the performance prong was fully satisfied, but that the BIA didn't discuss it. What difference does that make under our case law? Well, according to the government, that's the prong that the BIA, the only prong that the BIA did discuss. So once we decided that the performance was deficient, then the question is, is it plausible that it affected the result of the hearing? And we know in this case from the IJ's own words that it may have affected the result. That's because the evidence that counsel did not put on was the evidence of the medical conditions and the hardship to a petitioner's parents. I just spoke. It's the prejudice part they didn't talk about. So the petitioner's parents in this case were present in court, sitting outside the courtroom, wanting to testify. The ineffective lawyer who represented petitioners in their hearing didn't call them. The IJ, in rendering her oral decision immediately after that, said specifically that she was denying relief reluctantly in this case, pursuant to a board opinion in which there was similarly the absence of records put in about the medical hardship to the petitioner's parents, and in which the petitioner's parents were not called to testify. Exactly the facts in this case. It's not hard to see why the IJ felt that she was correct to apply that. But in denying relief reluctantly, we can see that had that evidence been presented, the IJ is telling us, had that evidence been presented, the result may have been different. And that is all that is required to establish an ineffective assistance claim under this court's jurisprudence. So I see that I've got two minutes remaining. Thank you, counsel. May it please the court, my name is Elizabeth Curlin, and I represent the United States Attorney General, who is the respondent in this case. Your Honors, the board in this case denied Petitioner's motion to reopen on two independent grounds. The first, finding that Petitioner's new evidence did not establish prima facie eligibility for cancellation based on the lack of hardship. And second, that Petitioner's failed to show that the former counsel's performance was inadequate. Could I ask you about that prong, specifically? If we find the BIA erred in regarding the IAC claim, can we as an appellate court then make a decision on the prejudice prong, or does it have to go back? Unfortunately, Your Honor, that it would have to go back because the board in this case did not address prejudice. And under, consistent with Maravia Maravia, what the board did was first consider the threshold issue, which was whether counsel's performance was inadequate. Because the board did not address the issue of prejudice, this court would have to remand the matter under Ventura for the board to consider it in the first instance. What possible prejudice could remain when the board has said, even with all the new evidence you provided, everything you provided to the IJ in the first instance, there's no evidence of hardship here. That determination, Your Honor, goes towards the merits of Petitioner's prima facie case in a motion to reopen. So those are two separate considerations. What the board did in this case was it first looked at the new evidence and considered the merits of it. So it looked at the Petitioner's assertion that her parents would have testified, that this is what they would have testified to, that they would have stayed in the country, that the daughter is experiencing emotional problems, which the board observed, and the additional medical evidence regarding the parents' dependence on Petitioner's. And it looked at that new evidence and reached the merits of finding that it did not establish a prima facie case for cancellation with regards to the hardship factor. So, and that... So is the government conceding that if the Cruz-Carpajal family was given another opportunity here, that they might be able to establish their eligibility? No, Your Honor, because what we're saying is... And where is the prejudice? Because the prejudice analysis with regards to an ineffective assistance of counsel claim is a separate and different analysis under Merivilla-Merivilla than the prima facie case. I understand that the standards may be different, but if the government is telling us that there's no way that the Cruz-Carpajals can prove this, then why should they have a second opportunity because they have lousy counsel? Because the board was, the board, in filing a motion to reopen based on ineffective assistance of counsel and the assertion that there is new evidence with regards to the hardship factor, the board in this case had to address those claims separately. If it addressed those claims together, then what it was doing was what the court said it could not do in Merivilla-Merivilla, which is make a determination with regards to the new evidence under a prima facie standard, which is a higher standard of proof than under an ineffective assistance of counsel claim, which is just whether it may have affected the outcome of the proceedings. So are you saying that we can rely upon the analysis of the, in quotes, new evidence, in quotes, and sustain what was done by the BIA, or are you agreeing that because of our case law, and particularly Ventura, that we have no choice but to send this back to the BIA and ultimately probably to the IJ for a quixotic venture there where these folks will not be able to show any prejudice that meets the standard of our case law? Is that what the government's position is? No, Your Honor. Well, in a way, what our position is that because these are two independent grounds and the standards under either one are different. So you're saying we can't, you're saying we can deny the petition based upon the motion to reopen and the new evidence. Is that correct? If the evidence was not cumulative of the hardship evidence that was presented in the initial case. In this instance, because the case is confusing because the evidence is intertwined, because while the court cannot review under Fernandez the board's determination that the new evidence was cumulative of what had already been presented and did not establish hardship, on the other hand, the court can review the board's, for abuse of discretion, the board's determination that counsel had not, had provided competent, that former counsel was competent. So if the board disagrees with that second determination, which in determining whether counsel's performance was adequate, the court necessarily needs to look at what petitioner asserts is the evidence that would have been presented had counsel not had performed to the way that they say. It doesn't make much sense because you're basically taking two in effect causes of action and you're borrowing a little bit from each one to try to make up one whole cause of action. No, Your Honor, because with regards to the new evidence, what we're looking at is something different than the new evidence of hardship is what petitioner says the board observed. Let me make another run on it. If we disagreed with the government as to the deficient performance of counsel, that is if we believed that counsel's performance was deficient, then do we have to send this case back to the BIA? Yes, Your Honor, because the board did not make a determination with regards to prejudice. Even though the board has said they cannot satisfy the standards for hardship? Yes, because that is a separate, if the case gets sent back to the board, to because the court finds that counsel had actually provided was inadequate, then the board needs to make the determination of, okay, if counsel was accepting the fact that counsel's performance was inadequate, under Meravia Meravia, the board needs to look at whether prejudice resulted. And although that may be, in the end, the conclusion may be that prejudice did not result from the case because they could not have made out a case of hardship. Isn't that a virtual certainty? I'm sorry, Your Honor? Isn't that a virtual certainty that no prejudice was shown? You told me before, just a couple of minutes ago, that there was no way that they could win on the merits. No. Are you backing away from that? Yes, on the merits of a motion to reopen based on new evidence. But it goes back to the same evidence that would be involved in the prejudice analysis under an IAC claim, is it not? Well, no, because if it goes back and what the board is looking at is, in the end, whether or not that necessarily has to still be a determination that the board makes, whether prejudice results from the case. And that is still something that the board needs to be able to consider. But I think that Vibey and I are saying exactly the same thing here. At the end of the day, what the BIA or the IJ would look at in an analysis of prejudice is the very same thing that the Attorney General would look at in determining whether there's a hardship. Because if a hardship cannot be established under any circumstances similar to this case, then it means there's no prejudice. Isn't that one and the same? In the end, it may be similar. But again, because the board did not make that determination, it still has to be considered. So basically we have a bit of sophistry here. We have to send it back for a quixotic and worthless act. Unless the government is willing to concede that if the Cruz-Carvajal are given, if we start all over again, we just wipe it off and say this is a really unfortunate incident here, let's start all over again, we'll get Mr. Rotter to do a really good job before the IJ, and we're going to start all over again. If the government's willing to concede that the Cruz-Carvajals may be able to establish the grounds for hardship, then I think I see why we should send this back. But if you're not willing to tell us that, so what's the answer to that question? No, Your Honor. The answer to that question is that in looking what petitioners assert with the new evidence is separate from what they're asserting, which is the ineffective assistance of counsel claim. What they're saying that counsel was ineffective was not that he didn't present that new evidence, because that evidence was already there. Is there a possibility if we start it all over again that the Cruz-Carvajals could show hardship? That is not something that I can make a determination on, because the agency determined that the new evidence with regards to the motion to reopen was cumulative of what had already been considered as not establishing hardship. But at that point in time, that was what the agency had before it. Let me see if I understand what you're saying. The new evidence has nothing to do with prejudice. If we find ineffective assistance of counsel and we're asking what is prejudice, there is a possibility that effective counsel could offer other evidence at the time of the hearing. Is that correct? In a way, Your Honor. What I've thought about this with regards to what petitioner is asserting with regards to the ineffective assistance of counsel claim. And what they're asserting is that counsel was ineffective because counsel did not, these are the following three basic things. That counsel did not call petitioner's parents to testify. That counsel denigrated the child's psychological, the daughter's psychological report. That goes to the performance problem. Yes. And that is why the board only addressed whether counsel was inadequate. Because in looking at that threshold issue, what we're looking at is not that petitioner is saying that if this evidence had, that counsel was inadequate because they didn't, that this evidence was never developed before the IJ. It's just what they're saying is that it would have been more persuasive if the parents had been able to testify, rather than the wife just simply saying that they had these medical problems. Or that the psychologist would have, the IJ would have given greater weight or been more persuaded. And that's the difference. What we're looking at are two things. The evidence with regards to the ineffective assistance of claim, a counsel claim, is whether, is a challenge to the weight and the way that the evidence was presented, rather than what the new evidence necessarily was. And the new evidence in this case is the medical reports, which were not presented before the parents' declaration saying they would have stayed in, they would stay here in the United States. Certain things like that. So because those are, the evidence that we're looking at and the difference in the claims and the evidence, that's why we're, that's why our argument is that these are two separate issues. And if the board, if the court were to disagree with the board's decision in either one under Ventura, that would have to be, the case would have to be remanded. You should be on their side. And, Your Honor, I do have to mention, with regards to the motion, I do apologize to the court for the late nature, but given the circumstances of what was occurring last week, it took a little bit longer for us to be able to withdraw. Yes, Your Honor. Thank you. So I see I'm out of time. Thank you. Thank you, counsel, for being very forthright about your argument. Mr. Broder. Three things, Your Honor. First of all, with respect to the new evidence, you asked a question I wanted to emphasize. If you take a look at the board's opinion, which is at page 2 of the record, the new evidence they're talking about is not the full pamphlet of evidence that was available before. It was specifically that the female respondent has anemia and asthma, that their daughter has emotional problems. Counsel, you need to speak up. I'm sorry, Your Honor. And that the female respondent's siblings have become United States citizens. So it was not the same body of evidence that was being urged as the basis for the ineffective assistance. Can you answer this question for me? Let's assume for a moment that we grant the government's request, and yours as well, which is that we send it back to the BIA, and presumably the BIA sends it back to the IJ. What evidence are you going to put on that will show hardship under our case law? Your Honor. I mean, not you personally, but counsel for these folks. What this court's case law says about that is that we don't have to know. Okay. So what you're saying is that even though, based upon what we've seen in the record, there is absolutely no chance that they can make the appropriate showing. We have to send it back anyway. Is that what you're saying? Your Honor, I've heard you ask that a few times, and I understand your discomfort with it. I'm just puzzled. I don't get it. I don't understand the government's argument. It's circular. It makes no sense to me at all. I understand that you would like us to send it back. It just is strange to me that we would be asked to take up all of the problems and issues that we have and all the people who come to the court and they want relief, that we would have to send something back. With all due respect to your clients, I'm sure they're wonderful people, but under the case law, I see nothing in this case, nothing, that they don't even come close to being able to meet the standard of extreme hardship. So I'm asking you, what am I missing? As you know, that's not a determination that this Court ever made. I understand that. And we wouldn't have jurisdiction here. As you said in the prior argument, what happens at the hearing is not done on a court record. It's done with live witnesses, real people, before an IJ who sees thousands of these cases all the time. That's the person who is capable and has the experience and has given the task under the statute to make that determination. And respectfully, I would just disagree with your characterization of this case as totally quixotic because here we have the IJ who said specifically, I wish I could have ruled otherwise, but I was missing the live testimony of the parents. That's the evidence that the ineffective counsel didn't put on. And there may be more that there is. We would respectfully request that this Court remand with appropriate instructions to the Board. Good luck. Thank you. And, Mr. Roddard, the Court takes note of the fact that you and the co-counsel did a very, very fine job in briefing this case, that your client was well served. Thank you. Thank you. The final case on the oral argument calendar is Trigueros v. Adams.
judges: Nelson D. W., Bybee, Smith M.